# EXHIBIT A



# Service of Process Transmittal
12/10/2020
CT Log Number 538722230

| | |
|---|---|
| **TO:** | Mary Charlotte Doherty<br>Airgas, Inc.<br>259 N Radnor Chester Rd Ste 100<br>Radnor, PA 19087-5283 |
| **RE:** | Process Served in Missouri |
| **FOR:** | Airgas USA, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NINA WILLIS, PLTF. vs. AIRGAS USA, LLC, DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20LACC00092 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/10/2020 at 09:25 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/10/2020, Expected Purge Date: 12/15/2020<br><br>Image SOP<br><br>Email Notification,  Lola Lin  Lola.Lin@airgas.com<br><br>Email Notification,  Kathleen Macmurray  kat.macmurray@airgas.com<br><br>Email Notification,  Amy Bashore  Amy.Bashore@airgas.com<br><br>Email Notification,  Mary Charlotte Doherty  Mary.Charlotte.Doherty@Airgas.com<br><br>Email Notification,  Monica Muehsam  monica.muehsam@airgas.com<br><br>Email Notification,  Siobhan Moran  siobhan.moran@airgas.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br>866-401-8252<br>EastTeam2@wolterskluwer.com |



**Service of Process Transmittal**
12/10/2020
CT Log Number 538722230

| | |
|---|---|
| **TO:** | Mary Charlotte Doherty<br>Airgas, Inc.<br>259 N Radnor Chester Rd Ste 100<br>Radnor, PA 19087-5283 |
| **RE:** | **Process Served in Missouri** |
| **FOR:** | Airgas USA, LLC  (Domestic State: DE) |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / NK

Case 6:21-cv-03006-RK   Document 1-1   Filed 01/08/21   Page 3 of 14



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Dec 10, 2020

**Server Name:** Drop Service

**Entity Served** AIRGAS USA, LLC

**Agent Name** C T CORPORATION SYSTEM

**Case Number** 20LACC00092

**Jurisdiction** MO

*Service*

 IN THE 26TH JUDICIAL CIRCUIT, LACLEDE COUNTY, MISSOURI

| Judge or Division: | Case Number: 20LA-CC00092 |
|---|---|
| Plaintiff/Petitioner:<br>NINA WILLIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TRAVIS JAMES LILLIE<br>HOSMER KING AND ROYCE LLC<br>313 SOUTH GLENSTONE<br>PO BOX 1245<br>SPRINGFIELD, MO 65801 |
| Defendant/Respondent:<br>AIRGAS, USA, LLC | Court Address:<br>200 N. ADAMS<br>LEBANON, MO 65536 |
| Nature of Suit:<br>CC Other Extraordinary Remedy | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** AIRGAS, USA, LLC
**Alias:**

CT CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

COURT SEAL OF

LACLEDE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____11/25/2020_____  /S/HEATHER OFFICER, CIRCUIT CLERK_____
Date                                           Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____          _____
                                       Date                                              Notary Public

**Sheriff's Fees, if applicable**
Summons             $_____
Non Est               $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $_____10.00_____
Mileage               $_____ (_____ miles @ $._____ per mile)
Total                  $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-1458        1 of 1        Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF LACLEDE COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| NINA WILLIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: |
| AIRGAS USA, LLC<br>Serve Registered Agent:<br>CT Corporation System<br>120 S. Central Avenue<br>Clayton, MO 63105 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff, Nina Willis by and through undersigned counsel, and for her Petition, states, alleges and avers to the Court as follows:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff Nina Willis ("Plaintiff") is a female and former employee of Airgas USA, LLC, who worked at a branch office in Lebanon, Laclede County, Missouri.

2. At all relevant times, Defendant, Airgas USA, LLC, (hereinafter referred to as "Airgas") is a foreign corporation in good standing, duly operating in the State of Missouri and out of the subject retail store in Lebanon, Laclede County, Missouri.

3. At all times relevant hereto, Airgas was Plaintiff's employer and Plaintiff was a full-time employee.

4. While employed by Airgas, Plaintiff was discriminated against in the workplace by Airgas and its employees, agents, and/or representatives due to her gender and racial association, her husband being African American.

1

5. Plaintiff's cause of action arises out of conduct that took place in Lebanon, Laclede County, Missouri, at the Airgas Store located at 1310 W Elm Street.

6. Venue is proper in Laclede County, Missouri pursuant to § 213.111.1 RSMo.

7. Plaintiff's Notice of Right to Sue letter was issued by the Missouri Commission on Human Rights ("MCHR") on September 14, 2020. See Exhibit 1 attached.

8. Plaintiff's Petition is filed within ninety days of the issuance of the MCHR Right to Sue Letter and within two years of the discrimination.

9. Plaintiff has exhausted her administrative remedies against Airgas regarding her claims of gender and race discrimination and harassment.

## GENERAL ALLEGATIONS

10. Plaintiff began as an Airgas employee on or about December 18, 2017 but began working as a full-time employee in the Lebanon, Missouri store on or about May 28, 2018.

11. At all times relevant herein, Jeff Slavens (hereinafter "Slavens"), a Caucasian male, was an employee of Airgas with the title of Branch Manager and was Plaintiff's direct supervisor.

12. At all times relevant herein, Mark Hodge (hereinafter "Hodge"), a Caucasian male, was an employee of Airgas and a co-worker of Plaintiff.

13. At all times relevant herein, Zachary Wilson (hereinafter "Wilson"), a Caucasian male, was an employee of Airgas and a co-worker of Plaintiff.

14. That by virtue of respondeat superior and as employer of Slavens, Hodge, and Wilson, defendant Airgas is responsible for all actions, omissions, and negligence of Slavens,

2

Hodge, and Wilson and that the actions of Slavens, Hodge, and Wilson are imputed to defendant Airgas.

15. Upon starting work at the Lebanon store, Plaintiff was constantly subjected to lewd sexual conversations by Slavens, Hodge, and Wilson.

16. Often, in front of Plaintiff, Slavens, Hodge, and Wilson would graphically discuss former female relationships and sexual partners.

17. Often, in front of Plaintiff, Slavens, Hodge, and Wilson would make sexist jokes and exhibit generally inappropriate behavior.

18. Often, Hodge would regularly use the word "nigger," while in conversations and in discussing politics, and social issues in the United States with Slavens and Wilson present and laughing at the comments.

19. Slavens, Hodge, and Wilson were aware that Plaintiff, while Caucasian, was married to an African American male.

20. Slavens personally witnessed Hodge's use of the word Nigger on multiple occasions and himself used the word to Plaintiff when discussing a product labeled "200NGR" stating that Hodge calls the product "200 Niggers."

21. When African American customers would come into the Airgas store, Hodge would refer them to Plaintiff stating "You got this one."

22. Hodge, on numerous occasions, was asked to refrain from using the word "nigger" by Plaintiff, and Hodge would respond by saying it was Plaintiff's fault for being offended.

3

23. Slavens, Hodge, and Wilson were aware that Plaintiff was married to an African American man and their racial comments were harassing and offensive to Plaintiff.

24. Slavens, Hodge, and Wilson would act as described in the preceding paragraphs 2-3 times per week from June 2018 to the beginning of July 2019.

25. On numerous occasions, Hodge would refer to Plaintiff as bi-polar, too emotional, and a bitch in the presence of other Airgas employees and no corrective action was taken by Slavens as supervisor.

26. In or around September of 2018, Slavens stated that Plaintiff was hormonal and her requests for corrective action based on Hodge's conduct were due to her female hormones.

27. The above described constant conduct caused Plaintiff extreme emotional distress.

28. During Plaintiff's employment, Hodge made a habit of constantly stating that Plaintiff's "boyfriend" was at the store when regular male customers would come into shop. Hodge often would tell Plaintiff that woman are conniving and distrustful.

29. Wilson often spoke in the presence of Plaintiff stating many sexual jokes, comments, and slurs. Additionally, Wilson would show Plaintiff and others risqué and sexually inappropriate photos and memes.

30. On or about April 29, 2019, Plaintiff was admitted to the hospital for stress induced lymphadenopathy. While out of work in the hospital, Slavens without permission told customers of Plaintiff's hospitalization and condition.

4

31. On or about May 2, 2019, Plaintiff reported the above described conduct to Becky Guess in Airgas human resources who advised Plaintiff that she was busy and in the middle of something and it may take multiple weeks to get to her complaints.

32. For the next approximately 3 months, Plaintiff heard nothing from human resources and made many attempts to contact Ms. Guess.

33. During this three-month period, the same sexual and racial harassment continued including on or about May 7, 2019 when Wilson, on company time, sent Plaintiff a photo of a topless, nude woman on Facebook messenger.

34. With Airgas taking months to attempt to deal with Plaintiff's multiple complaints with virtually no communication with Plaintiff, Plaintiff was constructively discharged from her position with Airgas due to the intolerable working conditions causing emotional distress and physical symptoms of distress such as nausea and vomiting.

## COUNT I
### (Missouri Human Rights Act - Gender Discrimination)

35. Plaintiff restates, realleges, and reavers paragraphs 1-33 of this Petition as if fully stated herein.

36. Plaintiff, by virtue of her female sex, is a member of a class of persons protected by the MHRA, RSMo. § 213.010 et seq.

37. Plaintiff was subject to constant verbal abuse, harassment, and ridicule based on her gender by her co-workers and her direct supervisor.

5

38. Plaintiff's gender was a contributing factor in Airgas and its employees, representatives, and/or agent's harassment and discrimination of Plaintiff and her constructive discharge.

39. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities and caused Plaintiff great emotional upset and distress.

40. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

41. The actions of Defendant, through its employer, were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT II
### (Missouri Human Rights Act – Race)

42. Plaintiff restates, realleges, and reavers paragraphs 1-33 of this Petition as if fully stated herein.

43. Plaintiff, by virtue of her association and bi-racial marriage to an African American man, is a member of a protected class.

44. Plaintiff was subject to constant verbal abuse, harassment, and ridicule based on the race of her husband and her bi-racial marriage by her co-workers and direct supervisor.

45. Plaintiff's bi-racial marriage and race of her husband was a contributing factor in Airgas and its employees, representatives, and/or agent's harassment and discrimination of Plaintiff and her constructive discharge.

46. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

47. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

48. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT III

### (Missouri Common Law – Negligent Infliction of Emotional Distress)

49. Plaintiff restates, realleges, and reavers paragraphs 1-33 of this Petition as if fully stated herein.

50. Plaintiff was subject to constant verbal abuse, harassment, and ridicule based on her gender, the race of her husband, and her bi-racial marriage by her co-workers and direct supervisor, employees of Airgas.

51. Defendant failed to properly train their employees with respect to gender and racial discrimination and harassment.

52. It is shocking and outrageous of Defendant through its employees, representatives, and/or agents to communicate the words spoken to Plaintiff.

53. Defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress.

54. Plaintiff did suffer emotional distress as a result of Defendant's conduct.

55. Plaintiff's emotional distress is medically diagnosable.

56. Plaintiff's emotional distress is medically significant.

57. The actions of Defendant were intentional, careless, and or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs; any other relief afforded Plaintiff under Missouri Common Law, and all other relief deemed just and equitable.

HOSMER KING & ROYCE, LLC


By: /s/ Travis J. Lillie
     Travis J. Lillie
     Missouri Bar Number 68635

HOSMER KING & ROYCE, LLC
313 South Glenstone
Post Office Box 1245
Springfield, Missouri 65801
Telephone:  (417) 869-9999
Facsimile:  (417) 869-2099
E-mail:  travis.lillie@hkrlawoffice.com

9

Case 6:21-cv-03006-RK    Document 1-1    Filed 01/08/21    Page 14 of 14